**Joanne BRONGA, Appellant,**

v.

**Acting Commissioner of Social Security, \*Larry G. MASSANARI.**

No. 01–3364.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 8, 2002.

Decided March 14, 2002.

\* Pursuant to F.R.A.P. 43(c).

Before BECKER, Chief Judge, and ALITO and RENDELL, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Joanne Bronga appeals from the District Court's order upholding the Commissioner of Social Security's denial of Bronga's claims for Disability Insurance Benefits under Title II of the Social Security Act. The Administrative Law Judge ("ALJ") determined that Bronga was "not disabled" under the Act, and therefore not entitled to Disability Insurance Benefits. The ALJ's determination was affirmed by the Appeals Counsel. The District Court's subsequent affirmance is now before us on appeal. We will also affirm.

The District Court had jurisdiction over this matter pursuant to 42 U.S.C. § 405(g), and we have jurisdiction on appeal pursuant to 28 U.S.C. § 1291.

Our standard of review requires us to determine whether the ALJ's determination was based on "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence requires "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted). As long as the ALJ's findings of fact are supported by substantial evidence, we must not conduct our own independent evaluation of the evidence. *Fargnoli v. Massanari,* 247 F.3d 34, 38 (3d Cir.2001).

Bronga alleges that she is disabled due to abdominal pain, and disorders of the urinary tract and female reproductive sys-

tem. After considering evidence of Bronga's functional capacity, the ALJ acknowledged that her physical condition did limit her ability to do certain light work. Nonetheless, the ALJ concluded that she was still able to do her past relevant work as a computer systems hardware analyst, because it was a sedentary position.

The District Court carefully reviewed the evidence in this case, as well as the ALJ's opinion, and disposed of each of Bronga's arguments in a detailed and thoughtful manner. We agree with the District Court that the ALJ properly concluded at step four of the five-step analysis that Bronga was not disabled because she is able to do her "past relevant work." Furthermore, the District Court correctly found that there is substantial evidence in the record to support the ALJ's determination of Bronga's residual functional capacity, as well as its finding that her subjective complaints were not fully credible. We likewise agree with the District Court that the ALJ properly considered the treating physician's findings.

Accordingly, we will AFFIRM.